FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2017 JUN 21  A 11: 08

CLERK'S OFFICE
AT GREENBELT

BY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

DONNELL WESTLEY SAMPSON, #364639

  Plaintiff,

v.

COMMISSIONER REYNOLDS AND
KARLA SHOWALTER
*In their individual capacities*

Defendants.

Case No.: GJH-17-1378

## MEMORANDUM OPINION

On May 18, 2017, Plaintiff Donnell Westley Sampson, an inmate housed at the Eastern Correctional Institution, filed a complaint against Maryland Parole Commissioner Reynolds and Karla Showalter, Assistant Public Defender, Post-Conviction Defenders Division, alleging violations pursuant to 42 U.S.C. § 1983 and requesting $650,000.00 in compensatory and punitive damages. ECF No. 1. Sampson contends that Commissioner Reynolds revoked his mandatory parole release at a parole revocation hearing held on May 26, 2016, presumably due to the fact that Sampson had "obtain[ed] a new charge and was convicted." *Id.* at 4. Sampson states that at the same hearing, Commissioner Reynolds terminated his parole conditions, allowed him approximately 90 days of credit, but then rescinded those days. *Id.* Sampson states that he was

1

told he would be incarcerated until February 2017. *Id.*[1]; *see also* ECF Nos. 1-2 and 1-3. Because Sampson was still incarcerated as of May 18, 2017, he argues that his continued incarceration "well exceeds my time to serve." ECF No. 1. Because he appears indigent, Sampson shall be granted leave to proceed in forma pauperis.

Title 28 U.S.C. § 1915A provides for screening of any complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a); *see also McLean v. United States*, 566 F.3d 391, 394 (4th Cir. 2009). Before permitting the case to move forward or requiring a response from the defendants, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Williamson v. Angelone*, 197 F. Supp. 2d 476, 478 (E.D. Va. 2001). The screening is necessary to determine whether defendants should be required to respond to the action.

To the extent that Sampson is seeking damages under a 42 U.S.C. § 1983 civil rights theory related to alleged illegal acts by government employees involving his parole revocation and the computation of his sentences, the case shall be dismissed without prejudice as the claims are not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, an Indiana state prisoner sued two state prosecutors and a state investigator who had participated in the investigation leading to plaintiff's conviction. Plaintiff alleged that defendants had knowingly destroyed evidence which was exculpatory in nature and had also

---

[1] Sampson references "Exhibit C" but the Court does not see such an exhibit included in his filings.

caused an unlawful voice identification procedure to be used at trial. The complaint sought compensatory and monetary damages. The Supreme Court concluded that the complaint must be dismissed, holding that:

> [t]o recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486-7 (emphasis in original).

Here, Sampson claims that his mandatory parole release was revoked on May 26, 2016 and now contends that he is being held past his release date. Sampson's civil rights claim for damages implicates the constitutionality of his incarceration, which cannot proceed in this court without first demonstrating the invalidity of the sentence. *Heck* is also applicable to parole proceedings or the fact or duration of a parole term. *See Husketh v. Sills*, 34 F. App'x 104, 105 n. 2 (4th Cir. 2002) (challenge to parole eligibility "implies the invalidity of [plaintiff's] current confinement" and thus, is barred by *Heck*); *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (applying *Heck* to parole revocation decisions); *Cokley v. Mack*, No. CA 9:12-881-RMG-BM, 2012 WL 1986528, at *3 (D.S.C. May 10, 2012), *report and recommendation adopted*, No. CIV.A. 9:12-881-RMG, 2012 WL 1993519 (D.S.C. June 4, 2012) (allegation that parole was

unlawfully revoked barred by *Heck*). *Heck's* favorable termination requirement thus bars Sampson's damage claim that Commissioner Reynolds and Public Defender Showalter committed constitutional violations arising out of the revocation of his mandatory parole release.

The Court offers no opinion on the legality of Sampson's current confinement. If he wishes to challenge the length and duration of his confinement, keeping in mind the limitations on such claims, he may file a 28 U.S.C. § 2241 Petition for habeas corpus relief in this Court after he has exhausted his remedies in state court by filing a petition for writ of habeas corpus.

For the aforementioned reasons, Sampson's Motion for Leave to Proceed In Forma Pauperis is granted. The Complaint shall, however, be dismissed without prejudice, for failure to state a claim. A separate Order follows.

Date: June 21, 2017

GEORGE J. HAZEL
United States District Judge